Eino v. Sessions

BIA
Straus, IJ
A079 076 938

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand seventeen.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

AHMED MOHAMED ABDEL AZIZ EINO, AKA
AHMED MOHAMED, AKA AHMED MOHAMED
EINO,
> *Petitioner,*

> v.                                    15-3507
>                                       NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:          Justin Conlon, Hartford, C.T.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Leslie
                         McKay, Assistant Director; Jessica
                         A. Dawgert, Senior Litigation
                         Counsel, Office of Immigration

Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ahmed Mohamed Abdel Aziz Eino, a native and citizen of Egypt, seeks review of an October 6, 2015, decision of the BIA, affirming an April 2, 2014, decision of an Immigration Judge ("IJ") denying Eino's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ahmed Mohamed Abdel Aziz Eino,* No. A079 076 938 (B.I.A. Oct. 6, 2015), *aff'g* No. A079 076 938 (Immig. Ct. Hartford Apr. 2, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA affirmed the IJ's decision without opinion, we have reviewed "the IJ's decision as the final agency determination." *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

Eino concedes that he did not suffer past persecution and does not press the denial of withholding of removal or CAT relief.  Accordingly, the only issue before us is whether the agency erred in concluding that Eino failed to demonstrate a well-founded fear of future persecution as required for asylum.  It did not.

To establish a well-founded fear of persecution, an applicant must show "that he subjectively fears persecution" and that "his fear is objectively reasonable."  *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  "An asylum applicant can show a well-founded fear of future persecution in two ways: (1) by demonstrating that he or she 'would be singled out individually for persecution' if returned, or (2) by proving the existence of a 'pattern or practice in [the] . . . country of nationality . . . of persecution of a group of persons similarly situated to the applicant' and establishing his or her 'own inclusion in, and identification with, such group.'"  *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (quoting 8 C.F.R. § 1208.13(b)(2)(iii)).

The IJ did not err in finding that Eino failed to show a reasonable possibility that he would be singled out individually for persecution in Egypt.  *See* 8 C.F.R.

3

§ 1208.13(b)(2)(iii); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best."). Eino testified generally that the situation in Egypt was "very bad," C.A.R. 110, but also confessed that he could not identify a specific group or person in Egypt that would harm him. He also described an incident in which his father found himself in the middle of an altercation between the police and the Muslim Brotherhood, and another incident in which his brother was hit with teargas when leaving work. As the IJ found, he did not know who hit his father. Moreover, he did not give any further information regarding his brother. On these facts, the IJ reasonably concluded that there was no evidence Eino would be singled out for persecution in Egypt.

The IJ also reasonably concluded that Eino had not established that liberal Muslims face persecution in Egypt. *See Jian Xing Huang*, 421 F.3d at 129; *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005) (defining pattern or practice as "systemic or pervasive" persecution of a group); *see also Mufied v. Mukasey*, 508 F.3d 88, 92-93 (2d Cir. 2007); *Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009). That finding is supported by the record. The State Department's 2013 Human

4

Rights Report describes general turmoil following the military's removal of President Mohamed Morsy, a Muslim Brotherhood member. While the report states that Morsy and his agents "committed arbitrary or unlawful killings," C.A.R. 172, it does not specify whether they targeted specific groups. And while some articles in the record reference an extremist view that liberal Muslims are considered "infidels," C.A.R. 168, they do not indicate that liberal Muslims are targeted for persecution. Significantly, Eino testified that members of his own family share in his liberal views, yet remain in Egypt unharmed. Accordingly, the agency reasonably concluded that Eino failed to demonstrate a pattern and practice of persecution of liberal Muslims in Egypt. *See Santoso*, 580 F.3d at 112 & n.1.

For the foregoing reasons, the petition for review is DENIED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

5